UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE ARMSTRONG,

Petitioner,

v.

CASE NO. 08-14961
HONORABLE GERALD E. ROSEN

KENNETH ROMANOWSKI,

Respondent.
_______________________________/

**ORDER DENYING PETITIONER'S MOTION TO RE-OPEN THIS CASE** (Dkt. #10) **AND DENYING AS MOOT PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*** (Dkt. #11)

**I. BACKGROUND**

On November 28, 2008, petitioner Lawrence Armstrong initiated this action by filing a habeas corpus petition under 28 U.S.C. § 2254. The petition challenged Petitioner's Wayne County convictions for first-degree murder, assault with intent to commit murder, and felony firearm. He argued through counsel that he was actually innocent of the crimes for which he was convicted because the main prosecution witness against him had recanted his trial testimony. Petitioner also alleged that the prosecution failed to disclose exculpatory evidence to the defense, that his trial attorney violated the principles set forth in *Batson v. Kentucky*, 476 U.S. 79 (1986), and that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness. Respondent Kenneth Romanowski moved for summary judgment on the ground that Petitioner had failed to comply with the one-year statute of limitations governing habeas corpus petitions. The Court agreed and dismissed the petition as untimely on February 18, 2010.

Now pending before the Court are Petitioner's motion to re-open this case and his motion to proceed *in forma pauperis*. Petitioner alleges that his habeas attorney led him and his family to believe that the attorney had filed a timely habeas corpus petition in this Court even though the attorney knew the habeas petition was untimely. Petitioner claims that he was unaware of the status of his habeas case because his attorney did not provide him with copies of Respondent's motion for summary judgment, the reply to the motion, or the Court's orders. He maintains that his habeas attorney's unprofessional representation constitutes an extraordinary circumstance justifying the re-opening of this case.

## II. SECOND OR SUCCESSIVE HABEAS PETITIONS

The first question before the Court is whether Petitioner's motion to re-open this case should be construed as the equivalent of a habeas corpus petition and treated as a second or successive habeas petition under 28 U.S.C. § 2244(b).[1] Petitioner filed his motion under Federal Rule of Civil Procedure 60(b)(6), and a habeas petitioner's filing that seeks vindication of a claim "is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). A motion can

> be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the

---

[1] If a pleading is a "second or successive" application for the writ of habeas corpus, the petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). And if a petitioner files a second or successive petition in the district court without prior authorization from the court of appeals, the district court must transfer the document to the court of appeals. *In re Sims*, 111 F .3d 45, 47 (6th Cir. 1997).

> case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id*. at 532 (footnote omitted) (emphasis in original). In other words, a habeas petitioner is not making a "claim" "when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n.4.

Petitioner seeks to have the Court re-open this case and address the merits of his habeas claims. He is not attacking the substance of the Court's resolution of his claims on the merits. Rather, he is attacking a defect in the habeas proceedings: the dismissal of his habeas petition as time-barred. Because he has not stated a "claim," there is no basis for treating his Rule 60(b) like a habeas corpus petition. *Gonzalez*, 545 U.S. at 533. The Court will proceed to analyze Petitioner's motion under the usual standards for motions under Rule 60(b). *See Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) (explaining that, if the factual predicate of a motion for relief from judgment deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief, the usual standards governing Rule 60(b) relief apply).

## III. ANALYSIS

Federal Rule of Civil Procedure Rule 60(b) authorizes federal district courts to grant relief from a final judgment or order for a number of specific reasons, including mistake, newly discovered evidence, or fraud, and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But to prevail on his Rule 60(b) motion, Petitioner must demonstrate that some extraordinary circumstance justifies the re-opening of the judgment in this case. *Gonzalez,* 545

U.S. at 535-36. "Such circumstances will rarely occur in the habeas context." *Id.* at 535. As recently explained by the Sixth Circuit,

> "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (alteration and quotation marks omitted) (citation omitted). Relief is limited to "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)) (alteration omitted).

*McGuire v. Warden, Chillicothe Corr. Inst.*, __ F.3d __, __, No. 13-3368, 2013 WL 6840197, at *7 (6th Cir. Dec. 30, 2013), *petition for cert. filed*, No. 13-8165, 13A720 (U.S. Jan. 8, 2014).

Petitioner seeks to re-open this case on the basis that his habeas attorney was unprofessional and deceptive. A habeas petitioner has no constitutional right to counsel, *Post v. Bradshaw*, 422 F.3d 419, 423 n. 1 (6th Cir. 2005), and the ineffectiveness or incompetence of counsel during federal collateral proceedings is not a ground for relief in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2254(i). Section 2254(i) has been construed "to mean what it says: to bar a Rule 60(b) motion based on the ineffectiveness of habeas counsel." *Brooks v. Bobby*, 660 F.3d 959, 963 (6th Cir. 2011).

The Court acknowledges that the one-year deadline for filing a federal habeas petition "is subject to equitable tolling in appropriate cases" and that professional misconduct which rises to the level of egregious behavior can create an extraordinary circumstance that warrants equitable

tolling. *Holland v. Florida*, 560 U.S. 631, __, 130 S. Ct. 2549, 2560, 2563 (2010). Furthermore, "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Maples v. Thomas*, __ U.S. __, __, 132 S. Ct. 912, 924 (2012).

But *Maples* involved attorneys who abandoned a prisoner without notice on state collateral review and, even if the attorney-abandonment principle applies to attorneys representing habeas corpus petitioners in federal court, Petitioner's attorney did not abandon him. The attorney raised four claims in a habeas corpus petition filed in Petitioner's behalf, and he filed a reply to Respondent's motion for summary judgment.

Petitioner asserts that his attorney's conduct was unprofessional and untruthful. Nevertheless, the statute of limitations expired before Petitioner hired the attorney. The limitations period ran from November 17, 2004, the day after Petitioner learned of the factual predicate for his claim of actual innocence, to June 24, 2005, when he filed a post-conviction motion for relief from judgment in state court. At that point, the statute of limitations had run for 219 days, and the limitations period was tolled. 28 U.S.C. § 2244(d)(2).

The limitations period resumed running the day after the Michigan Supreme Court concluded its review of Petitioner's post-conviction motion on November 29, 2007. Petitioner then had 146 days, or until April 23, 2008, to file his habeas corpus petition. He claims that his father hired his habeas attorney on September 17, 2008. By then, the statute of limitations had expired. Consequently, the attorney's alleged ineffectiveness and unprofessional conduct did not affect the timeliness of Petitioner's habeas petition.

## IV. CONCLUSION

Petitioner has not demonstrated an exceptional or extraordinary circumstance warranting reinstatement of his case. Consequently, his motion to re-open his habeas corpus petition (Dkt. #10) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Dkt. #11) is **DENIED** as moot, because there is no filing fee for the motion to re-open this case.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 21, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 21, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135