UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE ARMSTRONG,

        Petitioner,

                                  CASE NO. 08-14961

v.                                    HONORABLE GERALD E. ROSEN

KENNETH ROMANOWSKI,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Dkt. #13)**

**I.  BACKGROUND**

This matter is pending before the Court on petitioner Lawrence Armstrong's motion for reconsideration of the Court's order denying his motion for relief from judgment and to re-open this case.  Petitioner commenced this action on November 28, 2008, by filing a habeas corpus petition under 28 U.S.C. § 2254.  The habeas petition challenged Petitioner's Wayne County convictions for first-degree murder, assault with intent to commit murder, and felony firearm.  Petitioner argued through counsel that he was actually innocent of the crimes for which he was convicted because the main prosecution witness against him recanted his trial testimony.  Petitioner also alleged that the prosecution failed to disclose exculpatory evidence to the defense, that his trial attorney violated the principles set forth in *Batson v. Kentucky*, 476 U.S. 79 (1986), and that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness.  Respondent Kenneth Romanowski moved for summary judgment on the ground that Petitioner had failed to comply with the one-year statute of limitations governing habeas corpus petitions.  The Court agreed and dismissed the habeas petition as untimely on February

18, 2010.

Three and a half years later on August 22, 2013, Petitioner filed a motion for relief from judgment and to re-open this case pursuant to Federal Rule of Civil Procedure 60(b)(6). The basis for the motion was that Petitioner's habeas attorney misled him and his family into believing that the attorney had filed a timely habeas corpus petition in this Court. Petitioner maintained that his habeas attorney's unprofessional conduct was an extraordinary circumstance justifying the re-opening of his case.

The Court denied Petitioner's motion for a number of reasons. The Court pointed out that Petitioner did not have a constitutional right to effective assistance of counsel on habeas review, *Post v. Bradshaw*, 422 F.3d 419, 423 n. 1 (6th Cir. 2005), and that the ineffectiveness or incompetence of counsel during federal collateral proceedings was not a ground for relief in a proceeding under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(i). The Court also noted that Petitioner's attorney did not abandon him and that the attorney's conduct did not affect the timeliness of the habeas petition because the statute of limitations expired before Petitioner hired the attorney. The Court concluded that Petitioner was not entitled to have his case re-opened. Petitioner seeks reconsideration of that decision.

## II. DISCUSSION

Motions for reconsideration are

governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case. E.D. Mich. Local Rule 7.1(g).[1] The local rule also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable

---

[1]This provision is currently contained in Local Rule 7.1(h).

ground for reconsideration.

*Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011) (footnote in original as note 5). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp.2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Petitioner alleges in his motion for reconsideration that the Court made a palpable defect when it concluded that he hired his habeas attorney on September 17, 2008, which was several months after the statute of limitations expired on April 23, 2008. Petitioner claims that his habeas attorney represented him in state court proceedings as early as 2004 and that his family continued to pay the attorney until 2010.

Exhibits in this case and in Petitioner's subsequent habeas case challenging the same convictions indicate that Petitioner's father made a down payment of $3,000 to the habeas attorney on September 17, 2008. *See* Mot. to Re-Open Habeas Corpus Pet., Dkt. #10, Ex. A; *see also Armstrong v. Booker*, No. 11-10657, Dkt. #2, Ex. J (E.D. Mich. Feb. 17, 2011). Petitioner contends that September 17, 2008, is not the date that he retained counsel and that the receipt depicted in the exhibits merely represents the first payment in a series of installment payments. However, both Petitioner and his father indicated in complaints filed with the Michigan Attorney Grievance Commission in 2010 and early 2011 that the attorney was retained on September 17, 2008. In the section of the form that required filling in the date that the attorney was hired or appointed, they typed "September 17, 2008." *See* Mot. to Re-Open Habeas Corpus Pet., Dkt. #10, Ex. L; *see also Armstrong v. Booker*, No. 11-10567, Dkt. #2, Exs. M and N. The Court therefore did not make a palpable defect when it stated in its order denying Petitioner's Rule

3

60(b)(6) motion that Petitioner retained his attorney on September 17, 2008. And because September 17, 2008, was several months after the statute of limitations expired, the Court did not err when it concluded that counsel's conduct did not affect the timeliness of the habeas petition. Petitioner's other arguments about his attorney lack merit because they merely present the same issues that the Court previously considered and rejected in its order denying the Rule 60(b)(6) motion.

    Accordingly,

    It is **ORDERED** that Petitioner's motion for reconsideration (Dkt. #13) is **DENIED**.


    s/Gerald E. Rosen
    Chief Judge, United States District Court

Dated: May 15, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2014, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5135